# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASEEM A. MIKKI,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 17-cv-01103-GPC-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Naseem A. Mikki ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Title XVI Supplemental Security Income ("SSI") under the Social Security Act ("Act"). (A.R. 173-82).[1]

For the reasons expressed herein, the Court recommends the case be REMANDED to the ALJ for further proceedings.

---

[1] "A.R." refers to the Certified Administrative Record filed on August 18, 2017, and located at ECF No. 8.

1

# I. BACKGROUND

Plaintiff was born November 22, 1992. (A.R. 26). Plaintiff received supplemental security income benefits based on disability as a child. (A.R. 82). He was 5 years old on the alleged disability onset date of March 1, 1997. (A.R. 34). Plaintiff was 23-years-old, which categorized him as younger individual at the time the instant application for benefits was filed. (A.R. 82); 20 C.F.R. §§ 404.1563, 416.963.

## A. Procedural History

When Plaintiff attained age 18, eligibility for continued disability benefits was redetermined, as required under the rules for establishing disability in adults. (A.R. 82) On July 1, 2011, it was determined Plaintiff was no longer disabled as of September 30, 2011. (*Id.*). On February 29, 2012, Plaintiff filed a written request for a hearing on the denial of his application for benefits. (*Id*). 20 C.F.R. 416.1429 *et seq*. Although informed of the right to representation, Plaintiff appeared and testified without the assistance of an attorney or other representative at a hearing held May 16, 2013, in San Diego, California. (A.R. 82). The ALJ determined Plaintiff's disability ended on September 30, 2011, and Plaintiff had not become disabled again since that date. (A.R. 90). Plaintiff requested a review of the decision by the Appeals Council. On September 27, 2013, Plaintiff (now represented by counsel) moved to withdraw his request for review of the first application and simultaneously filed a second application for benefits. On October 22, 2013, the Appeals Council granted the request making the ALJ's decision of May 31, 2013 the final decision in Plaintiff's first application. (A.R. 96).*;* 20 C.F.R. 416.1471(a).

Plaintiff's second application for benefits alleged his disability began March 1, 1997. (A.R. 34). Plaintiff was represented by attorney Vijay Patel.

(*Id*). The claim was denied initially on January 7, 2014, and again upon reconsideration on April 4, 2014. (*Id*). On May 9, 2014, Plaintiff filed a written request for hearing. (*Id*). 20 C.F.R. 416.1429 *et seq*. Plaintiff appeared and testified at a hearing held on March 22, 2016, in San Diego, California. (*Id*). Gloria J. Lasoff, an impartial vocational expert testified. Plaintiff's mother, Ilham Mikki, also appeared and testified. (*Id*).

On May 18, 2016, the ALJ issued a written decision that found Plaintiff not disabled under section 1614(a)(3)(A) of the Act. (A.R. 42). On April 19, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (A.R. 1-3). On May 31, 2017, Plaintiff filed this Complaint seeking judicial review of the Commissioner's decision. (ECF No. 1). On August 18, 2017, Defendant filed an Answer and lodged the administrative record with the Court. (ECF Nos. 7, 8). On October 30, 2017, Plaintiff filed A Motion for Summary Judgment. (ECF No. 16). On November 16, 2017, the Commissioner filed a cross Motion for Summary Judgment and a Response in Opposition to Plaintiff's Motion for Summary Judgment. (ECF Nos. 17, 18). On December 1, 2017, Plaintiff filed a Response in Opposition to the Acting Commissioner's Cross Motion for Summary Judgment. (ECF No. 19).

## II. <u>DISCUSSION</u>

A. **Legal Standard**

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandqathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Batson*, 359 F.3d at 1193. When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if a reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *Batson*, 359 F.3d at 1193. Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. *Id.*

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4). First, the Plaintiff must not be engaged in substantial, gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). Second, Plaintiff must have a "severe" impairment. Id. § 416.920(a)(4)(ii), (c). Third, the medical evidence of Plaintiff's impairment is compared to a list of impairments that are presumed severe enough to preclude work. 20 C.F.R. § 416.920(a)(4)(iii), (d). If Plaintiff's impairment meets or is equivalent to the requirements for

one of the listed impairments, benefits are awarded. *Id.* If Plaintiff's impairment does not meet or is not equivalent to the requirements of a listed impairment, the analysis continues to a fourth and possibly fifth step and considers Plaintiff's residual functional capacity.

At the fourth step, Plaintiff's relevant work history is considered along with Plaintiff's residual functional capacity. If Plaintiff can perform Plaintiff's past relevant work, benefits are denied. *Id.* § 416.920(a)(4)(iv), (e). At the fifth step, if Plaintiff is found unable to perform Plaintiff's past relevant work, the issue is whether Plaintiff can perform any other work that exists in the national economy, considering Plaintiff's age, education, work experience, and residual functional capacity. *Id.*, §416.920(a)(4)(v), (g). If Plaintiff cannot do other work that exists in the national economy, benefits are awarded. *Id.* § 416.920(f).

**B.    The ALJ's Decision**

Plaintiff alleged he was disabled since March 1, 1997, due to mental disorders. (A.R. 38). In the 2013 decision, the ALJ found Plaintiff did not have a severe impairment or combination of impairments because his physical and mental impairments, considered singly and in combination, did not significantly limit his ability to perform basic work activities. (A.R. 42). Consequently, in the current decision, the ALJ applied a presumption of non-disability. It is well settled that final findings of non-disability made by an administrative law judge require a claimant who reapplies for benefits to prove changed circumstances to overcome a presumption of continuing non-disability. *Chavez v. Bowen*, 844 F.2d 691, 693-94 (9th Cir. 1988). A finding of non-disability creates a presumption that the Plaintiff is capable of substantial gainful employment, which can only be overcome by changed circumstances establishing disability. *Light v. Soc. Sec. Admin.*, 119 F.3d

789, 791-92 (9th Cir. 1997).

The ALJ considered the medical and vocational evidence to determine whether there were such "changed circumstances" to overcome the presumption of continued non-disability from the prior decision. (A.R. 42). The ALJ found there were no "changed circumstances" because the current record appeared essentially the same as the record from the prior decision. (*Id.*). Specifically, the ALJ found little to no evidence in the record that Plaintiff required a higher level of medical care, which suggested his impairments have remained essentially unchanged. (*Id.*). The ALJ also found Plaintiff's physical and mental impairments, considered singly and in combination, did not significantly limit Plaintiff's ability to perform basic work activities and he did not have a severe impairment or combination of impairments. (*Id.*).

The ALJ specifically noted the following to be of particular relevance:

### 1. Plaintiff's Credibility

Plaintiff generally failed to cooperate as evidenced by his sporadic refusal to speak. For example, Plaintiff refused to speak during an evaluation with consultative examiner Dr. Ted Shore, Ph.D., and at his second hearing. (A.R. 38, 258). The ALJ also found Plaintiff's limited statements concerning the intensity, persistence and limiting effects of his symptoms were not consistent with the record medical evidence. (*Id.*). Specifically, at Plaintiff's hearing he testified twice that he had thoughts of suicide. (A.R. 60, 63). But, the record shows Plaintiff had no suicide attempts and no family history of suicide. (A.R. 293, 295). Also, Plaintiff's treatment records from Pacific Health Systems (March 15, 2012, to July 1, 2014) showed no allegations of suicidal ideation. (A.R. 326-28).

Additionally, the ALJ found the Plaintiff was not fully credible based in

part on the Cooperative Disability Investigation ("CDI") summary report dated July 8, 2011. (A.R. 38, 264-69). The CDI report presented contradictory evidence in regard to Plaintiff's statements. Specifically, the report indicated Plaintiff went out in public alone, socialized with friends and neighbors, and worked at his parents' grocery store in a customer service capacity. (A.R. 38, 264-69). When questioned by the ALJ, however, Plaintiff testified he could not remember what type of classes he took from kindergarten through high school. (A.R. 61). Similarly, Plaintiff testified he did not drive, although the evidence showed Plaintiff had a California driver's license (A.R. 62). In follow up questioning, Plaintiff then testified, contrary to his previous statement, he had driven before but did not remember where. (*Id.*). For these reasons, the ALJ found Plaintiff was not fully credible because his statements were inconsistent with the record evidence. (A.R. 38).

### 2. Plaintiff's Medical Records

The ALJ determined the objective medical evidence did not support Plaintiff's allegations of a having disabling impairment or combination of impairments. (A.R. 38*).* The ALJ specifically found the record medical evidence supported a determination that Plaintiff continued to have no severe impairment. (*Id.*).

### a. Dr. Sultana Hamrang, M.D., Treating Physician

The record evidence was comprised primarily of the continued treatment records of Plaintiff's treating physician, Dr. Sultana Hamrang, M.D. (A.R. 38, 286-393). These records did not support a severe medical impairment, singly or in combination. (A.R. 38). Despite Plaintiff's testimony about having suicidal thoughts, Dr. Hamrang reported Plaintiff had no suicidal ideation on fourteen separate mental examinations from March 28, 2012, through July 21, 2015. (A.R. 60).

The ALJ also reviewed the updated treatment records of Dr. Hamrang and found no evidence of changed circumstances. (A.R. 38). However, the ALJ acknowledged that Dr. Hamrang's progress notes assessed Plaintiff with schizophrenia, an impairment not previously alleged. (A.R. 38). The ALJ also acknowledged that Plaintiff had been prescribed three psychotropic medications including Celexa, Seroquel and Abilify. (A.R. 39).

In September 2014, the ALJ noted Dr. Hamrang reported Plaintiff was compliant with mental health treatment, had a better range affect, responded better to questions, was groomed, had some mood disturbance and auditory hallucination that was under control, was alert and oriented and had no memory impairment. (A.R. 39, 361-62). Consequently, the ALJ found that Dr. Hamrang's updated treatment records were insufficient to show changed circumstances. (A.R. 38).

### b. Dr. Ted Shore, Ph.D., Consultative Examiner

The ALJ gave little weight to consultative examiner Dr. Shore's opinions and impressions because they were not consistent with the record evidence and were based predominantly on Plaintiff's mother's statements and what Plaintiff expressed or displayed. (A.R. 40).

The ALJ reviewed Plaintiff's school transcripts, which indicated he completed 72 hours of community service while he worked at Catholic Charities. (A.R. 34, 59-63, 86-87). The ALJ determined those actions showed an ability to interact with others in a comprehensive way and was not consistent with Plaintiff's interaction during his examination with Dr. Shore. (*Id.*). The ALJ noted Dr. Shore was not able to assess the Plaintiff's cognition, orientation, reality contact, mood, affect, memory, attention, concentration span, or fund of knowledge or judgment. (A.R. 40, 260). Ultimately, the ALJ determined it was not clear what intelligence test results

8

upon which Dr. Shore based his evaluation. (A.R. 40).

### c. Dr. John Hessler Ph. D., Treating Physician

The ALJ gave little weight to Dr. Hessler's opinions and impressions because they were not current. (A.R. 41). For example, the ALJ cited to Dr. Hessler's recommendation for Plaintiff to have a complete psychological evaluation in order to determine his "psychological conditions" and whether he is "capable of undergoing vocational training". (A.R. 41, 252). The ALJ determined this suggested Dr. Hessler was unsure of Plaintiff's impairments and his abilities, which made Dr. Hessler's assessment questionable. (A.R. 41). The ALJ further noted the record did not contain any progress notes from Dr. Hessler since his 2010 report that supported his opinions and impressions. (A.R. 41).

### d. State Agency Medical Consultants

The ALJ gave substantial weight to the State Agency medical consultant opinions since these physicians reviewed the medical evidence records, including the Plaintiff's longitudinal treatment history, were familiar with Social Security rules and regulations, and their opinions were consistent with and corroborate each other. (A.R. 40). The ALJ noted the State Agency medical consultants opined Plaintiff had no severe mental or physical impairment. (A.R. 40, 99-108, 110-19, 280-85). Additionally, the ALJ noted the record medical evidence shows Plaintiff had little to no significant and persistent cognitive or memory impairment. (*Id.*). Ultimately, the ALJ determined the evidence supported the state agency medical consultants' opinions that Plaintiff behaved socially appropriately with friends and neighbors. (*Id.*).

Concluding his findings, the ALJ stated:

> For the reasons discussed [] I find that there are no "changed

9

circumstances" because the current record appears essentially the same as at the time of the prior decision….There is little to no evidence that the claimant has required a higher level of medical care, further suggesting his impairments have remained essentially unchanged….Since there are no "changed circumstances" resulting in a greater degree of functional or vocational limitation, the so-called *Chavez* presumptions do apply.

(A.R. 42).

## C. Issues on Appeal

Plaintiff raises two general assertions of error by the ALJ in his Complaint: 1) The ALJ erred in finding the Plaintiff's psychiatric impairments were not severe, (ECF No. 16, pg. 2); and 2) The ALJ erred when he failed to consider that Plaintiff's lack of representation at the first hearing constitutes "changed circumstances" and precludes the application of *res judicata.* (*Id.*). Defendant contends: 1) The ALJ's findings regarding Plaintiff's mental impairment were without error, (ECF No. 17-1, pg. 4); and 2) The ALJ did not err in finding that Plaintiff failed to demonstrate changed circumstances based on his lack of counsel in 2013. (*Id.* at pg. 2).

### 1. Whether or not the ALJ erred in finding Plaintiff's psychiatric impairments not severe.

Plaintiff argues that the ALJ improperly "ignored the substantial and undisputed evidence in the record, including mental status examinations from his psychiatrist and the findings from the consultative examiner." (ECF No. 16 at 11). "Thus, the ALJ's finding that [Plaintiff's] psychiatric impairments were not severe was error and not supported by substantial evidence." (*Id.*) Conversely, Defendant argues "[c]ontrary to Plaintiff's assertion, the ALJ properly declined to find that Plaintiff suffered from a severe mental impairment at step two of the evaluation process." (ECF No.

17-1 at 4).

Plaintiff's allegation of error will not be examined here. As discussed below, the Court finds that the ALJ improperly applied the res judicata presumption of continuing disability to his standard of review in this case. This constituted clear error.

**2. Res Judicata Presumption of Non-disability**

It is undisputed Plaintiff previously applied for and was denied disability benefits. Specifically, on May 31, 2013, the ALJ found that Plaintiff received supplemental disability benefits as a child and, as required by law, eligibility for these benefits was redetermined under the rules for determining disability in adults when Plaintiff attained age 18. (A.R. 34). The Commissioner determined that Plaintiff no longer was disabled as of September 30, 2011, considering Plaintiff's new age category and related rules. (A.R. 82).

On September 27, 2013, Plaintiff filed a second application (the instant application) for benefits. On May 18, 2016, the ALJ issued an unfavorable ruling. (A.R. 34). The ALJ found Plaintiff had not been under a disability since September 27, 2013, the date the instant application was filed. (A.R. 42). The ALJ further ruled that Plaintiff's first application, decided on May 31, 2013, created the presumption that Plaintiff continued to be able to do work in accordance with the prior assessed RFC triggering the application of res judicata on Plaintiff's second application. The application of res judicata shifted the burden to Plaintiff to demonstrate changed circumstances to overcome the presumption of non-disability from the 2013 decision. *See*

Social Security Ruling 97-4.[2] (*Id.*)

The Court finds two errors in the ALJ's decision that preclude the application of res judicata. First, the ALJ erred by failing to address the effect of Plaintiff's unrepresented status in his first application on the applicability of res judicata to Plaintiff's subsequent application. Second, the ALJ erred by improperly applying res judicata to Plaintiff's subsequent application where Plaintiff raised a new issue of mental impairment not presented in the prior application.

**a. If a plaintiff is unrepresented at a prior hearing for benefits, the application of res judicata is improper unless the record shows the ALJ conscientiously and scrupulously protected the plaintiff's interests.** ***Cox v. Califano*, 587 F.2d 988 (9th Cir. 1978).**

Plaintiff asserts his lack of representation in his previous hearing is an independent factor in preventing the Commissioner from applying res judicata. (ECF No. 16, pg. 13). Specifically, Plaintiff contends that a review of the record shows "the ALJ's decision [in the current case] makes no mention that Plaintiff's waiver of his right to representation in the prior hearing justified application of res judicata." (ECF No. 19 at 2). According to Plaintiff, the only issue raised by the ALJ as justification for application of res judicata was the issue of changed circumstances. (*Id.*).

Defendant argues, "[t]here was no evidence that Plaintiff's mental impairments were significant enough to deny him a meaningful opportunity to be heard, to continue the appeal process, or to seek counsel…." (ECF 17 at

---

[2] Acquiescence Rulings "are binding on all components of the Social Security Administration," except under specified circumstances, and accorded deference by a reviewing court. 20 C.F.R § 402.35(b)(2).

12

4). "Therefore, the ALJ properly applied the *Chavez* presumption and found no 'changed circumstances' as to preclude a presumption of continuing non-disability based upon the 2013 determination." (*Id.*).

There is no constitutional guarantee of the right to counsel in Social Security cases. The right to counsel is provided by statute. *See* 42 U.S.C. § 406. A plaintiff can knowingly and intelligently waive his statutory right to counsel. *Duns v. Heckler*, 586 F. Supp. 359, 364 (N.D. Cal. 1984). However, the real issue in such cases is not whether the waiver was knowing or intelligent, but whether without representation, the ALJ met his heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts…. [and] be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). When the "heavy burden imposed by *Cox*" is not met in this context, and the unrepresented plaintiff may have been prejudiced, "the interests of justice demand that the case be remanded." *Vidal*, 637 F.2d 710, 714-15 (9th Cir. 1981).

Here, it is unclear whether the ALJ properly insured that the 2013 administrative hearing was fair to Plaintiff in the absence of representation. This is because the transcript from the first hearing was not included in the current record presented for review. A review of other cases faced with the same issue shows that when determining if the ALJ met his burden under *Cox*, courts have had the benefit of the prior record and hearing transcript. *See Vidal*, 637 F.2d at 714 ("[I]t is clear from the record that the claimant was totally incapable of challenging the vocational expert's conclusions."); *Palacios v. Astrue*, No. 10 Civ. 0368 (C.D.C.A. Feb. 28, 2011) ("Having scrutinized the record, the Court finds that Plaintiff knowingly and voluntarily waived his right to counsel and the ALJ met his burden to

13

conscientiously and scrupulously probe into all the relevant facts at the hearing."); *Hartwell v. Astrue*, No. 12 Civ. 01652 (C.D.C.A.) ("When plaintiff complained that she had difficulty understanding the medical expert's testimony, the ALJ explained in detail the two ways in which minors can qualify for social security benefits.) (A.R. 39-40, 46-49).").

Because Plaintiff is challenging the fairness of his unrepresented status in 2013, resulting in the application of res judicata in the instant case, the Court must determine whether the ALJ met his heightened duty "to conscientiously and scrupulously probe into, inquire of, and explore for all the relevant facts" to protect Plaintiff's interests. *Cox,* 587 F.2d at 988. Without any way to effectively review the 2013 hearing, the Court is unable to determine if the ALJ satisfied his heightened duty in the prior case. As noted above, the transcript from the 2013 hearing was not included in the instant record, however, a review of the record from the 2016 hearing shows Plaintiff's mental acuity similar to the claimant in *Vidal. Vidal*, 637 F.2d at 714-15. For example, at the 2016 hearing Plaintiff testified that he did not complete high school and could not remember how far in high school he went. He also testified that he takes medication because sometimes he wants to kill himself. (A.R. 59-60). In fact, Plaintiff's testimony was so bad that the ALJ only asked Plaintiff a few questions before he gave up and turned the questioning over to Plaintiff's counsel.[3] (A.R. 59-64). Based upon the limited

---

[3] The following colloquy took place between the ALJ and Plaintiff's attorney at the 2016 hearing:

ALJ: Mr. Patel, is your client going to be able to testify?
Atty: It's a very, very, very big struggle, Your Honor. I myself had a very, very difficult

record before the Court on this issue, the ALJ's application of res judicata cannot be upheld.

### b. Changed circumstances alleged by Plaintiff in the second application for benefits bar res judicata.

A prior final determination that an individual is not disabled creates a rebuttable presumption that the individual retains the ability to work after the date of the prior administrative decisions. *See Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968-973 (9th Cir. 2000). The presumption of continuing non-disability will not apply, however, "if there are 'changed circumstances'." *Lester,* 81 F.3d at 827 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir 1985).

Changed circumstances include a change or an increase in the severity of the claimant's impairment(s), change in age category, alleged existence of an impairment not previously considered or a change in the criteria for determining disability. *See* Acquiescence Ruling SSR 97-4(9) (S.S.A.); *see also Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988) (finding that because claimant raised the new issue of psychological impairments it would be inappropriate to apply res judicata and bar the claim.). Moreover, "[a]ll an applicant has to do to preclude the application of res judicata is raise a new issue in a later proceeding." *Vazquez v. Astrue,* 572 F.3d 586, 598 (9th Cir. 2009). The newly asserted impairment need not be severe or disabling, res judicata is precluded based only upon the assertion of new impairments. *Id.*

---

time, but I would—I had him here because I think it's very important, Your Honor. I know you were on the previous case and -- but also, I don't think you had access to these records that -- of his, you know, schizophrenia…. (AR at 60). After that exchange the ALJ stopped questioning Plaintiff.

15

It does not appear from the ALJ's 2013 decision that schizophrenia was raised or considered as an alleged impairment at that time. (A.R. 82 - 90). Even the Defendant does not contend that schizophrenia was ever a basis for Plaintiff's claim of disability in the prior proceeding. (ECF No. 17-1). In Plaintiff's first application (2013) the ALJ found Plaintiff had the medically determinable impairments of speech delay and learning disorder. The ALJ also found that during the period under adjudication, the claimant's mental status examination and findings were unremarkable and did not support a finding of a medically determined severe mental condition. (AR 89-89). The record demonstrates that the ALJ's 2013 decision did not indicate that schizophrenia was presented as a basis for Plaintiff's claim of disability or that he considered it in his findings. (A.R. 85-86).

In the current case Plaintiff clearly raised the issue of schizophrenia in connection with his application for disability benefits that formed the basis of the ALJ's 2016 decision. (A.R. 201). The record shows the ALJ acknowledged, "Dr. Hamrang's findings assessed diagnoses including schizophrenia paranoid…." (A.R. 38). This statement demonstrates the ALJ was aware of a new diagnosis not considered in Plaintiff's previous application. The ALJ also found, "the updated treatment records of S. Hamrang, M.D. insufficient to show changed circumstances." (A.R. at 38). Pursuant to the applicable law, this finding is irrelevant because "a claimant defeats the presumption of continuing non-disability by raising a new issue in a later application." *Vasquez*, 572 F.3d at 586 n. 9.

Based on the record, Plaintiff presented a new impairment in his 2016 application and the ALJ erred by applying res judicata and presumption of non-disability to Plaintiff's second application.

**3. Remand for Further Administrative Proceedings Is**

**Appropriate**

The Court recognizes the importance of administrative res judicata, however when the doctrine is erroneously applied, remand is an appropriate remedy. "[A] court has discretion to remand for further proceedings when an ALJ has committed legal error in denying benefits." *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Here the ALJ erred by applying the res judicata presumption of continuing non-disability to Plaintiff's first application and subsequent ruling. Based on the record evidence in the case, the principle of res judicata is not applicable. Plaintiff's second application for benefits was denied for his failure to overcome the presumption of continuing non-disability for the period following the denial of his first application. This presumption did not apply for two reasons: 1) because the record presented shows Plaintiff alleged a new disability not contained in his first application for benefits, and 2) the Court was unable to determine on the record before it whether Plaintiff's waiver of representation at the 2013 hearing resulted in prejudice or unfairness in the administrative proceeding. *Vidal*, 637 F.2d at 713.

In sum, the ALJ's application of the continuing presumption of non-disability arising from the prior ALJ's decision was error. When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16 (2002) (citations and quotation marks omitted); *Moisa v. Barnhart,* 367 F.3d 882, 886 (9th Cir. 2004). Accordingly, the Court recommends the case be remanded for further administrative action consistent with the findings presented herein.

//

//

## IV. CONCLUSION

The Court **RECOMMENDS** that the case be **REMANDED** for further proceedings and the ALJ be instructed not to apply the principle of res judicata presumption of continuing non-disability. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **July 25, 2018**. The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 1, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge