UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASEEM MIKKI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　　　　　Defendant. | Case No.: 17cv1103-GPC(MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Dkt. Nos. 16, 17.]** |

　　　　Plaintiff Naseem A. Mikki ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") seeking judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for supplemental security income ("SSI"). (Dkt. No. 1, Compl.) On July 11, 2018, Magistrate Judge Mitchell D. Dembin issued a report and recommendation ("Report") that the case be remanded to the ALJ for further proceedings. (Dkt. No. 21.) No objections were filed. After careful consideration of the pleadings and supporting documents, the Court ADOPTS the Magistrate Judge's Report and GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

1

**Procedural Background**

Plaintiff was born on November 22, 1992 and received supplemental security income benefits as a child. (Administrative Record ("AR") 34.) When he turned 18 years of age, eligibility had to be redetermined as required under the rules. (AR 82.) On July 11, 2011, it was initially determined that he was no longer disabled as of September 30, 2011. (AR 82.) This determination was upheld on reconsideration. (AR 82.) Plaintiff had alleged disability based on speech delay and learning disorder. (AR 84.) A hearing was held before Administrative Law Judge ("ALJ") Eric V. Benham. (AR 82.) Plaintiff appeared and testified without the assistance of counsel even though he was informed of his right to representation. (AR 82.) On May 31, 2013, the ALJ issued a written decision concluding that Plaintiff was no longer disabled since his disability ended on September 30, 2011. (AR 90.) Plaintiff subsequently requested a review with the Appeals Council, but on September 27, 2013, Plaintiff, who had by then retained counsel, moved to withdraw the request for review of the first application. (AR 96.) On October 22, 2013, the Appeals Council granted the request and the May 31, 2013 decision became the final decision of the Commissioner. (AR 96.)

On September 27, 2013, Plaintiff, with counsel, filed a second application for Title XVI SSI alleging disability on March 1, 1997. (AR 34). He alleged disability based on speech delay, schizophrenia and breathing issues. (AR 99, 110, 201.) The claim was denied initially and on reconsideration. (AR 121-124; 131-34.) On March 22, 2016, Plaintiff appeared with counsel and testified before ALJ Eric V. Benham. (AR 57.) On May 18, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled under the Act. (AR 42-43.) In its decision, the ALJ applied the Chavez[1] presumption of non-disability based on the prior May 31, 2013 decision finding Plaintiff was no longer disabled. (AR 34.) On April 19, 2017, the Appeals Council denied Plaintiff's request for

---

[1] Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988).

review, and the ALJ's decision became the final decision of the Commissioner. (AR 1-3.)

On May 31, 2017, Plaintiff commenced the instant action seeking judicial review of Defendant's decision. (Dkt. No. 1, Compl.). On October 30, 2017, Plaintiff filed a motion for summary judgment. (Dkt. No. 16.) On November 16, 2017, Defendant filed an opposition and cross-motion for summary judgment. (Dkt. Nos. 17, 18.) On December 1, 2017, Plaintiff filed his reply and an opposition to Defendant's motion for summary judgment. (Dkt. No. 19.) Defendant did not file a reply to its motion. On July 11, 2018, the Magistrate Judge issued a Report recommending that the case be remanded for further review by the Commissioner. (Dkt. No. 21.) No objections to the Report have been filed by either party by the July 25, 2018 deadline.

**Discussion**

**A.     Standard of Review**

The district court's duties in connection with a Report of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report to which neither party objects. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); U.S. v. Reyna-Tapia, 328 F.3d 114, 1121-22 (9th Cir. 2003) (*en banc*). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

Because no objections have been filed, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. See Campbell, 501 F.2d at 206.

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as reasonable to support a conclusion." Id. The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

**B.      Whether the ALJ Erred in Applying Presumption of Non-Disability**

Plaintiff argues that his lack of representation at the prior hearing as well as his worsened condition are "changed circumstances" that precludes the application of res judicata. As to lack of representation, Defendant argues Plaintiff has not shown his mental impairments were significant enough to deny him a meaningful opportunity to be heard or continue the appeal process.

The Ninth Circuit has stated that "[t]he principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). If an ALJ finds that the claimant is not disabled in a prior final decision, then a presumption of non-disability arises in a subsequent social security claim involving the same parties, facts, and issues. Id. In order for a claimant to "overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability," a claimant "must prove 'changed circumstances' indicating a greater disability." Id. (citing Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)). Changed circumstances include an "increase in severity," "a change in the claimant's age category,

4

17cv1103-GPC(MDD)

as defined in the Medical-Vocational Guidelines," and new issues raised by the claimant, "such as the existence of an impairment not considered" in a prior application. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). Res judicata is also not to be applied "where the claimant was unrepresented by counsel at the time of the prior claim." Id. at 827–28; see also Bruggeman v. Chater, 106 F.3d 406 (9th Cir. 1997) (ALJ erred in giving weight to the denial of the claimant's previous application as she was unrepresented by counsel at the time). However, if the administrative record was adequately developed even though the claimant was not represented by counsel, the ALJ's application of res judicata may not be error. See Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir. 1982) (application of res judicata inappropriate where claimant not represented by counsel and administrative record inadequately developed); Schuff v. Astrue, 327 Fed. App'x 756, 757 (9th Cir. 2009) (although the claimant was not represented by counsel in prior proceedings, it was not error for the ALJ to apply res judicata because the record from the claimant's prior claim was well developed).

While a claimant has a statutory right to counsel at a hearing before an ALJ, he or she may waive the right and proceed without counsel as long as the waiver is knowing and intelligent. Duns v. Heckler, 586 F. Supp. 359, 364 (N.D. Cal. 1984) (citations omitted). Here, Plaintiff was informed of his right to counsel at the first hearing and he elected to appear without counsel. (AR 82.) Irrespective of whether the plaintiff's waiver was knowing and intelligent, in a social security case, the key issue is whether, in the absence of counsel, the ALJ met his duty to "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978) (citations omitted) (remanding case where the ALJ made no effort and gave plaintiff little opportunity to elaborate on the crucial question whether plaintiff's disability had ceased on a particular day). In Vidal, the Ninth Circuit described the ALJ's burden imposed by Cox to be a "heavy" one. Vidal v. Harris, 637 F.2d 710, 714 (9th Cir. 1981).

In this case, the ALJ applied the <u>Chavez</u> presumption of non-disability and concluded there was no "changed circumstances" because the current record appeared essentially the same as at the time of the prior decision. (AR 34-35, 41-42.) The Magistrate Judge determined that it was unclear whether the ALJ properly ensured that the 2013 administrative hearing was fair in the absence of representation and thus prevents the application of res judicata because the transcript from the first hearing was not in the AR. (Dkt. No. 21 at 14.) The Court agrees that without the transcript, it is unable to determine whether the ALJ met the heavy burden of ensuring he specifically probed all relevant facts, favorable and unfavorable, during the hearing. Accordingly, without a full record, the Court cannot conclude that the ALJ's application of res judicata is supported.

Second, the Report concludes that res judicata was improperly applied by the ALJ because Plaintiff demonstrated changed circumstances by raising a new psychological impairment of schizophrenia that was not raised in the prior application. (Dkt. No. 21 at 15[2].) The ALJ's 2013 decision did not consider schizophrenia as an alleged impairment. (AR 82-90.) In the second application, Plaintiff raised schizophrenia as a disability which the ALJ considered in his 2016 decision. (AR 38, 99, 110, 201.) Raising a new issue not considered by the ALJ in the prior application constitutes "changed circumstance." <u>See</u> <u>Lester</u>, 81 F.3d at 827. Accordingly, the ALJ erred in applying the <u>Chavez</u> presumption.[3]

**C.     Reverse or Remand**

The decision whether to reverse and remand for further administrative proceedings, or to reverse and award benefits, is within the discretion of the court. <u>Harman v. Apfel</u>,

---

[2] Page numbers are based on the CM/ECF pagination.
[3] In his motion, Plaintiff also argues that the ALJ erred in finding his psychiatric impairments were not severe at the second step. Because the Court remands the case to the Commissioner for reconsideration of all issues without the presumption of non-disability, the Court need not address the merits of this claim.

211 F.3d 1172, 1178 (9th Cir. 2000); Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). An award of benefits is appropriate where the record has been fully developed and further administrative proceedings would not be useful. Smolen, 80 F.3d at 1292. Where "an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." Treichler v. Comm'r of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014). Here, the ALJ will need to reconsider its ruling without applying the Chavez presumption of non-disability. Therefore, the Court finds that remand is appropriate and additional proceedings are necessary before a disability determination can be made.

## Conclusion

Based on the above, the Court ADOPTS the Report in full and GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment and REMANDS the case to the Commissioner of the Social Security Administration. The Clerk of Court shall enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated: August 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge